UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>KINGSTOWN PARTNERS MASTER LTD,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 21-mc-_____ |

# APPLICATION FOR AN ORDER OF JUDICIAL ASSISTANCE
## PURSUANT TO 28 U.S.C. § 1782

1. Kingstown Partners Master Ltd ("**Petitioner**") respectfully requests an order in the form attached hereto permitting Petitioner to obtain certain limited discovery under 28 U.S.C. § 1782 ("Section 1782") in connection with an appraisal proceeding in the Cayman Islands (the "**Appraisal Proceeding**"), to which Petitioner is a party. In support of its application, Petitioner submits a Memorandum of Law and attaches the Declarations of Lori Marks-Esterman and Guy Dilliway-Parry. Petitioner further states as follows:

2. Petitioner seeks the assistance of this Court to obtain discovery from Blackstone Inc., MVB Management, LLC, CC Capital Partners, LLC, and CC Capital Management LLC ("**Respondents**"), each of which is "found" for purposes of Section 1782 in this District. Petitioner's narrowly tailored requests (the "**Requests**") are set forth in the subpoenas attached as **Exhibits 1-4** to the Marks-Esterman Declaration and seek discovery relating to the fair value of the shares of FGL Holdings ("**FGL**") that were held by Petitioner, and the process leading to the merger between FGL and Fidelity National Financial, Inc. (**"FNF"**), and the cancellation and automatic conversion of FGL shares into the right to receive (i) $12.50 in cash or (ii) 0.2558 shares of FNF common stock. As set forth in the accompanying Declarations, the discovery

5949231-3

cannot be obtained in the underlying Appraisal Proceeding, but the presiding Cayman court will be highly receptive to evidence sought herein and assistance from this Court.

3. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation. In particular, § 1782(a) states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

4. The statutory requirements of § 1782 are satisfied here. As explained in the accompanying submissions, (1) the Respondents are "found" in this District because they maintain their principal places of business in New York City, (2) the discovery sought is to be used in the Appraisal Proceeding, and (3) Petitioner is an "interested person" in that proceeding.

5. This application also meets the discretionary factors of Section 1782, as explained further in the accompanying Memorandum of Law: (1) the Respondents are not parties in the foreign proceeding; (2) Cayman courts will be receptive to judicial assistance from a U.S. court; (3) Petitioners are not attempting to circumvent foreign proof-gathering restrictions; and (4) the discovery sought is not overly intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

6. Petitioner therefore respectfully requests that this Court expeditiously grant its application for an Order granting Petitioner leave to serve the Respondents with the subpoenas attached as Exhibits 1 through 4 to the Marks-Esterman Declaration.

WHEREFORE, Petitioner respectfully requests that this Court enter an Order:

1. Granting the application for discovery under 28 U.S.C. § 1782;

5949231-3

      2.      Authorizing Petitioner to take discovery from Respondents, by issuing the proposed subpoenas; and

      3.      Directing Respondents to comply with the subpoenas issued in this case in accordance with the Order this Court, Federal Rules of Civil Procedure, and the Rules of this Court.

Dated: New York, New York
         August 31, 2021

OLSHAN FROME WOLOSKY LLP

By: */s/ Lori Marks-Esterman*
Lori Marks-Esterman
Kerrin T. Klein
Theodore J. Hawkins
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>KINGSTOWN PARTNERS MASTER LTD,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 21-mc-_____ |

### [PROPOSED] ORDER GRANTING APPLICATION UNDER 28 U.S.C. § 1782

This matter came before the Court upon the application of Kingstown Partners Master Ltd ("**Petitioner**"), for an Order authorizing Petitioner to obtain certain limited discovery under 28 U.S.C. § 1782 (the "**Application**").

The Court, having considered the Application and the supporting Memorandum of Law, Declarations and Exhibits,

IT IS HEREBY ORDERED that:

1. The Application is GRANTED;

2. Petitioner is authorized to take discovery from Blackstone Inc., MVB Management, LLC, CC Capital Partners, LLC, and CC Capital Management LLC ("**Respondents**"), entities found in this District, by issuing subpoenas seeking the production of documents in the forms attached to the Marks-Esterman Declaration as Exhibit 1 through 4 (the "**Subpoenas**");

3. Respondents shall produce the requested documents within fourteen (14) days of entry of this Order, or such other dates as agreed between the parties, and in conformity with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York. The entry of this Order does not foreclose Respondents from

5949125-2

seeking relief under Rule 26 and Rule 45, if appropriate. Any Rule 45 objections shall be served on all parties and counsel of record within ten (10) days after entry of this Order;

4. Respondents shall appear for a Rule 30(b)(6) deposition in compliance with the Subpoenas on a mutually agreeable date within a reasonable time after Respondents confirm the final production of documents in response to the Subpoenas; and

5. Until further Order by this Court, Respondents shall preserve all documents, electronic or otherwise, and any evidence in its possession, custody or control that contain information potentially relevant to the subject matter of the foreign proceeding at issue in the Application.

DATED this ___ day of _____, 2021.

_____
United States District Judge