# **EXHIBIT 2**

# Klein, Kerrin T.

| | |
|---|---|
| **From:** | Klein, Kerrin T. |
| **Sent:** | Friday, October 22, 2021 9:10 AM |
| **To:** | 'Weeks, Mary' |
| **Cc:** | Mast, Tim; Marks-Esterman, Lori |
| **Subject:** | RE: In re Application of Kingstown Partners Master LTD, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (S.D.N.Y. 21-mc-00691) |

Mary,

Thank you for this information. Per our discussion, I write to confirm that:

1. <u>Responsiveness:</u>  You have agreed to produce all documents responsive to the document requests set forth in the subpoenas to your clients in connection with petitioner's application, subject to agreement on a search protocol, and except for documents responsive solely to one or more of the following requests:
    a. Request No. 4 for "All documents concerning the Merger";
    b. Request No. 5 for agreements and potential agreements concerning the Company and/or Merger, except that you have agreed to produce responsive documents to the extent that they relate to the Investment Management Agreements, Sub-Advisory Agreements, Participation Fee Agreements, and/or Voting Agreements, including any side letters relating to any of the aforementioned agreements;
    c. Request Nos. 8 and 9 for all documents concerning your clients' interests, incentives, involvement, and conflicts of interest with respect to the Merger, except that you have agreed to produce responsive documents to the extent that they concern the Investment Management Agreements, Sub-Advisory Agreements, Participation Fee Agreements, Voting Agreements, any side letters relating to any of the aforementioned agreements, Go Shop, CC Capital Fee, fair value of the Company, and/or Merger Consideration.

    Petitioner accepts your proposal with respect to Request No. 4. With respect to Request No. 5, we request that you also produce responsive documents concerning any agreements related to any services provided to the FGL special committee. With respect to Request Nos. 8 and 9, Petitioner requests that your clients also produce all documents relating to any conflicts of interest concerning the Merger, including but not limited to relating to any dual roles or involvement with both FGL and FNF.

2. <u>Shared Drive:</u>  You confirmed by phone that, for your proposal relating to your clients' shared drive: (i) your clients have one folder on their shared drive relating to FGL (the "FGL Folder"), with a number of sub-folders; and (ii) you will collect and review for responsiveness all documents in the FGL Folder that were created and/or modified between June 30, 2019 and April 27, 2020, without regard to the sub-folder structure. We accept this proposal, subject to the addition of the topics for responsiveness as set forth in paragraph 1, above.

3. <u>Other Non-Email Documents:</u>  You represented that your clients do not have substantive documents responsive to the subpoena, other than email documents and the shared drive documents. We reserve the right to seek such documents if any document production and/or deposition testimony shows that other responsive documents are likely to exist.

4. <u>Email Custodians:</u>  Petitioner agrees to limit email custodians to Douglas Newton, Chinh Chu, and Rich DiBlasi, but reserves the right to seek limited and/or discrete documents from additional custodians should respondents' document production and/or deposition testimony show that other responsive documents are likely to exist. You have also represented that Newton, Chu and DiBlasi would be unlikely to have responsive, non-duplicative documents using email accounts other than newton@cc.capital, chu@cc.capital, and diblasi@cc.capital. We reserve the right with respect to other email accounts if respondents' document production and/or deposition testimony shows that additional responsive emails are likely to exist.

5. <u>Confidentiality Agreement:</u>  We are in the process of preparing a draft confidentiality agreement and will provide that draft shortly.

6. <u>De-Duplication:</u>  For purposes of de-duplication, we propose that your clients exclude emails to/from/cc an @fglife.com and/or @fglife.bm email address from their review and production.
7. <u>Email Search Terms</u>:  We requested that you provide hit reports following de-duplication as set forth in no. 6, above, for:  (i) the email search terms that we proposed on September 28, 2021; and (ii) your counter-proposal.  Please confirm that the hit reports you provided contained the de-duplication limitation set forth in no. 6, above, and not any other limitations.  In addition, please provide the total number of documents and family for each set of terms (i.e., across all proposed terms, so that duplication among various hits can be considered).

Please confirm your agreement with the foregoing, and let us know when we can expect the additional information requested regarding your search hits and your initial non-email production.

Thank you,
Kerrin

---

**From:** Weeks, Mary [mailto:Mary.Weeks@troutman.com]
**Sent:** Thursday, October 21, 2021 4:34 PM
**To:** Klein, Kerrin T. <KKlein@olshanlaw.com>
**Cc:** Mast, Tim <tim.mast@troutman.com>; Marks-Esterman, Lori <lmarksesterman@olshanlaw.com>
**Subject:** In re Application of Kingstown Partners Master LTD, Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (S.D.N.Y. 21-mc-00691)

Kerrin,

Following up on our call earlier this week, as you've requested and in furtherance of our efforts to resolve the pending application for the issuance of the proposed subpoenas, please find attached the search term hit reports for both Petitioner's proposal and the CC Capital Respondents' proposal.  As noted in the documents, both reports are subject to the date limitation in the Proposed Subpoenas and Petitioner's deduplication proposal.  And, as we've previously discussed, any agreement to review and produce documents according to our proposal is subject to our agreement on a confidentiality stipulation as well as all other reservations and caveats included in our proposal.  We also reserve all rights with respect to how you intend to rely on these reports and to the extent you are seeking privileged information or work product.

Additionally, I believe that we are still awaiting a confirmatory email with respect to your position on a few outstanding issues regarding scope, and I would ask that you provide us with that information as soon as possible.  Please also let us know when we can expect to receive a draft confidentiality stipulation from you.

Best,
Mary

**Mary Weeks**
**Associate**
Direct: 404.885.3634 | Mobile: 404.858.5306 | Internal: 11-3634
mary.weeks@troutman.com

**troutman pepper**
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
troutman.com

Troutman Pepper is a 2021 Mansfield Certified Plus Firm

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.